TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00778-CR

Eric Justice, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 0960128, HONORABLE MIKE LYNCH, JUDGE PRESIDING

 In February 1996, appellant Eric Justice pleaded guilty and judicially confessed to
aggravated kidnapping. Tex. Penal Code Ann. § 20.04 (West Supp. 1998). Pursuant to a plea
bargain, the district court deferred further proceedings and placed appellant on community
supervision. In October 1997. the district court revoked supervision following a hearing on the
State's motion, adjudicated appellant guilty, and sentenced him to imprisonment for thirty years.

 In two points of error, appellant contends the district court failed to properly
admonish him at the time he entered his guilty plea. Appellant urges that this rendered his plea
involuntary and denied him due process and due course of law. U.S. Const. Amend XIV; Tex.
Const. art. I, § 19; Tex. Code Crim. Proc. Ann. art. 1.04 (West 1977). We will overrule these
points and affirm.

 Appellant asserts that the district court failed to admonish him regarding the
possible consequences of a violation of deferred adjudication community supervision. See Act of
May 26, 1995, 74th Leg., R.S., ch. 256, § 2, 1995 Tex. Gen. Laws 2190, 2191 (Tex. Code 
Crim. Proc. Ann. art. 42.12, § 5(a), since amended). Those consequences were, and still are: (1)
arrest and detention; (2) a hearing limited to the determination of whether to proceed to
adjudication on the original offense; (3) no appeal from the decision to adjudicate; and (4) further
proceedings on the original offense, including assessment of punishment, as if adjudication of guilt
had not been deferred. See Act of May 29, 1989, 71st Leg., R.S. ch. 785, § 4.17, 1989 Tex.
Gen. Laws 3471, 3501 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b), since amended).

 Appellant does not specify the deficiency in the district court's admonishment. 
Appellant and his attorney signed a written admonishment and waiver of rights form that contained
a paragraph regarding deferred adjudication substantially identical to section 5(b). See art. 42.12,
§ 5(a) (required admonishments may be made orally or in writing). In addition, this paragraph
added the significant fact, not expressly mentioned in section 5(b), that upon adjudication the court
may assess punishment at any term of years provided for the adjudicated offense. Appellant told
the court at the guilty plea proceeding that he had gone over this document carefully with his
attorney. The record thus disproves appellant's contention that he was not properly admonished. 
Even if it did not, appellant does not contend, much less prove, that he would not have pleaded
guilty had he been admonished differently. See Brown v. State, 943 S.W.2d 35, 43-3 (Tex. Crim.
App. 1997). The points of error are overruled.

 The judgment of conviction is affirmed.

 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 13, 1998

Do Not Publish